**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 04-266-JBC**

**BOARD OF EDUCATION OF
FAYETTE COUNTY, KENTUCKY,**                                       **PLAINTIFF,**

**V.**                         **MEMORANDUM OPINION AND ORDER**

**L.M., as Legal Guardian of T.D.,
a minor, et al.,**                                                          **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion to remand. DE 61 The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion.

**Background**

T.D. was identified as a child with a disability just prior to the conclusion of the 2002-2003 school year. The parents of T.D. asserted their right to a due process hearing on May 14, 2003, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, *et seq*. The hearing was held and a decision was entered by an Impartial Hearing Officer ("IHO") on January 30, 2004. The IHO found that T.D. was denied Free Appropriate Public Education ("FAPE") for his third- and fourth-grade years (2001-2002 and 2002-2003) due to the plaintiff Board of Education of Fayette County, Kentucky's failure to refer T.D. for special

education after his second-grade year.  The IHO awarded 125 hours of compensatory education to T.D., consisting of one-on-one instruction in reading and language skills.  The IHO further found that T.D. was entitled to compensatory education for the plaintiff's failure to provide the student with any type of extended-school-year ("ESY") service in the summer of 2003.  The IHO also ordered the plaintiff to invite T.D.'s private psychologist to the Admission and Release Committee ("ARC")[1] meeting and to pay a reasonable fee to procure the psychologist's attendance, if necessary.

The IHO's decision was appealed to the Exceptional Children Appeals Board ("ECAB").  The ECAB entered its decision on May 14, 2004, affirming the decision of the IHO in large part, but altering the award to the student.  The ECAB ordered compensatory education for two years due to the Board's delay in identifying T.D. as disabled and providing T.D. with special education services, and it awarded compensatory education for the summer of 2003, because the student should have received ESY services that summer.  Rather than award a particular number of hours of compensatory education, the ECAB ordered T.D.'s ARC to prepare and carry out a plan for providing T.D. with compensatory education services and to meet as required to review and modify the plan, not less than once every twelve months, until the ARC determines that the award is fulfilled.

---

[1] In Kentucky, the ARC "is the equivalent of a student's Individualized Education Program (IEP) team under the IDEA." *Bd. of Educ. of Fayette County, Kentucky v. L.M., et al.*, 478 F.3d 307, 311 (6th Cir. 2007).

The Board of Education of Fayette County, Kentucky, brought this action to appeal two determinations made by the IHO and affirmed by the ECAB. The defendants also asserted a number of counterclaims. The court affirmed the determinations made by the ECAB and denied the parties' claims and counterclaims in a memorandum opinion and order entered on March 7, 2006. DE 40. On appeal, the Sixth Circuit affirmed the court's decision upholding the IHO's determination regarding the extent of the IDEA violation but reversed the court's upholding of the ECAB's remedy and remanded the case to the court "with instructions to have the appropriate administrative body craft a remedy that complies with the IDEA." *Bd. of Educ. of Fayette County, Kentucky v. L.M.*, 478 F.3d 307, 318 (6th Cir. 2007). The defendants filed this motion to remand on September 11, 2007, and a petition for a writ of certiorari was filed with the Supreme Court on October 3, 2007. DE 64. The Supreme Court denied the petition for a writ of certiorari on December 4, 2007. DE 65.

**Analysis**

    **A. Appropriate Agency for Remand**

In light of the Sixth Circuit's ruling, the defendants request that the court remand this matter to the ECAB while the plaintiff requests that the court remand it to the Kentucky Department of Education, Division of Exceptional Children Services ("KDE-DECS") for assignment to an IHO.

It has now been over four years since the defendants first asserted their right

to a due-process hearing, and the Sixth Circuit expressed dismay "that no one has yet acted to remedy this deficiency during the two and a half years of pending litigation." *Bd. of Educ. of Fayette County, Kentucky*, 478 F.3d at 316. Moreover, the plaintiff has offered no authority supporting its preference for a remand to KDE-DECS. Accordingly, the court believes the "appropriate administrative body," *id.* at 318, is the one capable of most quickly arriving at a final resolution of this dispute without compromising any party's right to be heard. Because the ECAB's decisions are not appealable to any other administrative body, *see* 707 Ky. Admin. Regs. 1:340, § 8, and the ECAB conducts "an impartial review of the findings and decision appealed" from the ARC and issues "an independent decision upon completion of such review," *see* 20 U.S.C. § 1415(g), the court finds a remand to the ECAB would render the fastest final decision without compromising any party's ability to have all of its arguments and evidence considered.

**B. Instructions to Accompany Remand**

The defendants also seek nine specific directives from the court to the ECAB regarding aspects of the design of the plan for compensating for the loss of two years of FAPE during the third and fourth grades and one summer of ESY. Many of the specific requests by the defendants, however, intrude into areas where the court should yield to the ECAB's expertise. Accordingly, the court will defer to the ECAB where possible.

The Sixth Circuit found "a flexible approach, rather than a rote hour-by-hour

compensatory-education award, is more likely to address T.D.'s educational problems successfully." *Bd. of Educ. of Fayette County, Kentucky*, 478 F.3d 316. Therefore, the court finds inappropriate the request to direct the ECAB to mandate a minimum number of hours of compensatory instruction. The court also refuses to direct the ECAB to design a compensatory education plan aimed at bringing T.D. up to his grade level "in all subject areas." Instead, the court reminds the ECAB that the proper objective is to compensate him for the loss of two years of FAPE and one summer of ESY. *See id.* ("There is no additional requirement [under the IDEA], however, 'that the services so provided be sufficient to *maximize* each child's potential commensurate with the opportunity provided other children.'" (citing *Bd. of Educ. v. Rowley*, 458 U.S. 176, 201 (1982) (Emphasis added by Sixth Circuit).). The court notes, however, that compensating for this loss requires the ECAB to craft a compensatory education plan that takes into account the extent to which the deficiencies created by the plaintiff have been compounded during the present dispute.

The ECAB previously affirmed the IHO's decision to require the plaintiff to invite T.D.'s private psychologist to the ARC meeting and pay a reasonable fee, if necessary, to ensure his attendance. The Sixth Circuit's decision does not require the plaintiff to pay for T.D.'s private psychologist to review the plan for compensatory education services or an independent literacy expert to review T.D.'s progress every twelve months. Deciding these issues is properly within the area of

the ECAB's expertise and the ECAB may very well require paid attendance of one or both of T.D.'s private psychologist or an independent literacy expert as part of crafting an appropriate compensatory education plan.  The court will not, however, interfere with the ECAB's process by mandating the inclusion of T.D.'s private psychologist or an independent literacy expert in the compensatory education plan.

The court declines to direct the ECAB to order that compensatory education services not be aversive or punitive or that they be delivered at any particular location.  Instead, the court defers to the ECAB to issue an appropriate directive.  Further, the court deems it inappropriate to unsettle the ordinary workings of the system of educational administration by ordering the ECAB to order the plaintiff held accountable for implementing the plan where the plaintiff would not already be accountable.  Furthermore, the court declines to provide a directive to the ECAB as to how the implementation of its decision should be monitored and instead defers to the ECAB's expertise in monitoring its decision.  The court does stress, however, that the Sixth Circuit held "that neither a hearing officer nor an Appeals Board may delegate to a child's IEP team the power to reduce or terminate a compensatory-education award." *Bd. of Educ. of Fayette County, Kentucky*, 478 F.3d at 318.

Finally, the court declines to order the ECAB to enact a specific monitoring program for T.D.'s compensatory education services.  Instead, the court defers to the ECAB to monitor the plaintiff and T.D.'s progress as it finds appropriate.

**Conclusion**

Accordingly,

**IT IS ORDERED** that the defendants' motion to remand, DE 61, is **GRANTED** and this matter is **REMANDED** to the Exceptional Children Appeals Board to implement the directive of the United States Court of Appeals for the Sixth Circuit in accordance with the guidance given in this memorandum opinion and order.

Signed on January 3, 2008

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY